## HOPE *v.* BREWER *et al.*

*(Supreme Court, Special Term, New York County.* October, 1891.)

CONFLICT OF LAWS—BEQUEST IN TRUST—PLACE WHERE ADMINISTERED.

A bequest to foreign trustees on a trust which is valid under the law of the trustees' domicile, where it is to be administered, will be enforced in New York, testator's domicile, though the trust is repugnant to the New York statute against perpetuities.

Action by John Hope against William Brewer, Jr., and others, as executors of the will of Thomas Hope, deceased.

*Delos McCurdy,* for plaintiff.   *James Thomson,* for defendants, executors. *R. H. McGrath* and *Daniel G. Rollins,* for defendants, Scotch trustees.

INGRAHAM, J.   This action is brought to have the residuary bequests contained in the will and codicils of Thomas Hope, deceased, declared void, and the question presented is whether the residuary bequest to the individuals, residents of Scotland, known as the "Scotch Trustees," upon a trust which is void in this state under the provision of the statutes regulating perpetuities, but which is valid by the law of Scotland, will be enforced by the courts of this state.   The exhaustive brief submitted by the counsel for the executors conclusively establishes that that question has been determined in this state in the affirmative.   It is clear that, taking the will and codicils together, there was an equitable conversion of the testator's real property.   The title to the real estate vested in the heirs at law of the testator, subject to be divested by the execution of the power of sale contained in the will, and upon the execution of that power of sale the proceeds realized by the sale of the real estate became in the hands of the executors personal property, so that the whole estate of the testator must be deemed to be personal, and be determined by the rules of law applicable to personalty.   By the will and codicils, it was clearly the intention of the testator that the proceeds of the sale of the real estate and the personal estate, after the payment of certain specific legacies, should be paid to the three residuary legatees, residents of Scotland, to be held by them subject to the trust therein contained.   The trust thereby created would be void under the statutes of this state prohibiting perpetuities if it was to be carried out in this state, but is valid by the law of Scotland, where it was the intention of the testator that the trust should be administered.   The question of the validity of such a bequest has been often presented to the courts of this state; and, although there was some conflict in the earlier cases, it has been finally settled that such a bequest will be enforced.   It is necessary to refer to but two or three cases in which this principle has been announced.   In the case of *Manice* v. *Manice,* 43 N. Y. 303, it was held that a bequest to Yale College, upon a trust which provided for an accumulation of the income of the trust estate which, though void by our statutes, was valid by the law of the state of Connecticut, (Yale College, being a corporation organized under the laws of that state, was capable of taking the property and administering the trust,) was valid. RAPALLO, J., says, (page 388:) "The will of the testator, so far as the courts of this state can act upon it, is fully executed when the money is paid to the proper officer of the foreign corporation, and there is no law of this state prohibiting gifts to such foreign corporation.   Though the laws of the state of that corporation may permit it to hold and administer property in perpetuity, or accumulate it, the local policy of this state upon that subject is not interfered with by allowing property of our citizens to pass to such foreign corporation and be administered by it in such foreign state according to its own laws."   In *Chamberlain* v. *Chamberlain,* 43 N. Y. 432, the same question was presented to the court, and the bequest was upheld, ALLEN, J., saying: "The courts of this state will not administer a foreign charity, but they will

direct money devoted to it to be paid over to the proper parties, leaving it to the courts of the state within which the charity is to be established to provide for its due administration and for the proper application of the legacy. * * * Bequests in aid of foreign charities, valid and legal in the place of their existence, will be supported by the courts of the state in which the bequests are made. If the legatee. whether a natural or artificial person, and whether he takes in his own right or in trust, is capable by the law of his domicile to take the legacy in the capacity and for the purposes for which it is given, and the bequest is otherwise valid, it will be sustained, irrespective of the law of the testator's domicile." And in *Re Huss,* 126 N. Y. 537, 27 N. E. Rep. 784, this principle was again applied. GRAY, J., writing the opinion of the court, says: "The ability to take a testamentary bequest depends upon the law of the legatee's domicile. Our laws do not prohibit the bequest or the taking, and the sole question to be considered relates to the legatee's capacity." In the last case cited the testator gave one-quarter of his residuary estate to the community of Hochhausen, a municipality situate in the grand duchy of Baden, a state of the German empire, and the court held that the only question to be determined was whether the community of Hochhausen had legal capacity to take the distributive share of the personal estate. It would therefore appear that, while the payment of the legacy is to be governed by the law of the domicile of the testator, when it appears from the will that it was the intention of the testator that the bequest should be paid to a person named, who was competent to take the legacy, and that the bequest was not prohibited by the law of the state of the testator's domicile, the bequest will be sustained, and the executors directed to pay it to the legatees.

By the will and codicils in question, it is clear that the testator intended that his residuary estate should be paid to the Scotch trustees. They are competent to receive the legacy, and there is no provision in the law of this state that makes a payment to them illegal. The disposition that they are to make of the property so bequeathed to them, after it is received by them, depends upon the law of Scotland. The people of this state are not interested in the manner with which the legatees dispose of the legacy in Scotland, and if the disposition of such legacy by the legatees, as directed by the testator, is valid by the law of Scotland, the courts of this state will carry out the intention of the testator so far as to direct the payment of legacies to the legatees named, leaving it to the Scotch tribunals to enforce the direction of the testator as to the disposition of the legacy by the legatees. As was said by Lord COTTENHAM in *Fordyce* v. *Bridges,* 2 Phil. Ch. 515: "The fund having to be administered in a foreign country is payable here, though the purposes to which it is to be applied would have been illegal if the distribution of the fund had been to take place in this country." There is nothing in the will that postpones the period of payment of the legacy to the Scotch trustees. On the contrary, they are directed to pay it as soon as realized, and it stands in this respect in the same position as every other legacy in the will, and the law requires it to be paid in the ordinary course of administration.

It follows, therefore, that judgment must be directed in favor of the defendants that the residuary bequest is valid, and that the defendant executors pay the same to the residuary legatees. Costs of all parties to be paid out of the estate. Decision and judgment to be settled on notice.