## DOTY et al. v. HENDRIX et al.

(*Supreme Court, Special Term, New York County.* November, 1891.)

1. CONFLICT OF LAWS—BEQUEST TO FOREIGN CEMETERY ASSOCIATION.
    A bequest to a cemetery association incorporated under the laws of another state, and capable, under the laws of such state, of taking and applying the same as directed by a will executed in New York, will be upheld by the courts of New York, even though a bequest to a similar corporation in New York would be invalid.

2. CHARITIES—VALIDITY OF BEQUEST—DATE OF WILL.
    Laws N. Y. 1848, c. 319, § 6, entitled "An act for the incorporation of benevolent, charitable, scientific, and missionary societies," and providing that no bequest to such corporations shall be valid unless made at least two months before the testator's death, does not apply to foreign incorporated cemetery associations.

3. DOWER—DEVISE IN LIEU—ELECTION PRESUMED.
    Where the provision in a will in favor of the widow, made in lieu of dower, is more favorable than her dower right, and she dies, without making an election, before expiration of the time within which the election may be made, it will be presumed that she elected to take under the will.

Action by Margaret A. Doty and others against Isaac Hendrix, executor of the will of Joseph Nobles, deceased, and others, to declare void provisions in the will of Joseph Nobles, and for an accounting.

*A. Edward Woodruff*, for plaintiffs. *Gibson & Davis*, for defendants Hendrix and others. *Maclay & Forest*, for defendants Nack and others. *Sidney H. Stuart* and *Armour C. Anderson*, for defendant Anderson.

LAWRENCE, J. This action is brought for the purpose of having certain provisions of the will of Joseph Nobles, deceased, declared void, and for an accounting by the executor of said will, and to have it adjudged that the said Nobles died intestate as to the property mentioned in the will, etc. The testator died on the 16th of November, 1888, within one month after the making of the will. The will was admitted to probate by the surrogate of the county of New York on the 8th of March, 1889. The widow of the deceased died March 19, 1889, 4 months and 3 days after the testator, and 11 days after the probate of the will, without having made any formal election accepting the provisions of the will in lieu of dower. The parties to this action, plaintiffs and defendants, (other than Mr. Hendrix, the executor under the will,) are the children of Joseph Nobles' aunts or uncles, on the mother's side, or cousins to the children of said uncles and aunts, excepting the defendants Nack, who are the brothers and sisters and mother of the widow of the testator. The clauses of the will which are the subject of attack are the 2d, 5th, and 6th. The fifth clause provides as follows: "I direct my executor to pay to the trustees or other officers of Hazlewood Cemetery, authorized to receive

such fund, the sum of $1,000, in trust, to apply the annual interest thereof to the preservation and renewal of the lot which I hereinafter direct my executor to purchase in said cemetery." The sixth clause reads as follows: "I direct my executor to expend all the rest and residue of my estate in my funeral expenses; that is to say, in the purchase of a lot in a select portion of Hazlewood Cemetery, situate at or near Rahway, New Jersey, and in my burial in said lot, and in the erection therein of a monument or tomb to my memory. I leave the matter of the size and situation of the lot and the design of the monument or tomb to the discretion of my said executor, but wish the whole residue of my estate expended in my funeral expenses as aforesaid." By the fourth clause of his will the testator directed his executor to have the remains of his mother, which now lie in Hazlewood Cemetery, at or near Rahway, New Jersey, disinterred, and have them buried in a lot "which I hereinafter direct him to purchase." I have examined the authorities which have been cited by the respective counsel, for the purpose of showing that the fifth and sixth clauses of the will are void, and have reached the conclusion that the contention of counsel in that respect must fail. The Hazlewood Cemetery was incorporated under the laws of New Jersey, and it appears from the laws of that state, read in evidence upon the trial, that cemeteries incorporated thereunder may take and hold any property, real or personal, bequeathed or given, upon trust to apply the income thereof, under the direction of the trustees of such association, for the improvement or embellishment of such cemetery, or the erection or preservation of any building, structure, fences, or walks erected or to be erected upon the lands of such cemetery association, or upon the lots or plots of any of the proprietors, or for the repair, preservation, erection, or renewal of any tomb, monument, gravestone, fence, railing," etc. See Laws N. J. Revis.on 1877, pt. 1, p. 101, § 7; also Laws N. J. 1878, c. 137, p. 209, § 2; also Laws N. J. 1851, p. 257, § 9.

It seems quite clear that the bequest made by the testator to the trustees or officers of the Hazlewood Cemetery, under the laws of the state of New Jersey, is a good and valid bequest, and the case of *Chamberlain* v. *Chamberlain*, 43 N. Y. 424, is an authority for the position that it is the duty of this court to direct the money so bequeathed to be paid over to the trustees of the cemetery, leaving it, if there be any question in the case, to the courts of that state to provide for the administration of the trust. The recent decision of Mr. Justice INGRAHAM, in the case of *Hope* v. *Brewer*, reported in 15 N. Y. Supp. 849, in which the cases are examined bearing upon this subject, is an authority supporting the conclusion which I have reached, even if it be conceded that such a bequest, under the laws of this state, would be invalid. That concession I am not prepared to make, inasmuch as by the laws of this state (chapter 139, Laws 1881) it is provided that every corporation which shall, under authority of law, hold, occupy, and use lands for a cemetery and burial place, may receive by gift or bequest any moneys or personal property for the improvement and maintenance of such cemetery, or for the maintenance, repair, preservation, or ornamentation of any private plat, vault, monument, tomb, or other structure in such cemetery, according to the terms of such gift or bequest.

It is claimed, however, on the part of the infant defendants in this case, that the bequest to the Hazlewood Cemetery is void because the will was made and executed within two months of the death of the testator. In support of this position, their counsel relies upon section 6 of chapter 319 of the Laws of 1848,[1] which is entitled "An act for the incorporation of benevolent, charitable, scientific, and missionary societies," and also upon the case of *Kerr* v.

---

[1] Such section provides that a bequest to the corporations named shall not be valid, unless made at least two months before testator's death.

*Dougherty*, 79 N. Y. 327. I think it is a conclusive answer to this contention that cemeteries are not mentioned in the title of that act, and that the provisions of the act are applicable only to domestic corporations. Besides, as has been already said, the cemetery is a foreign corporation, authorized to receive bequests for the purposes mentioned in the will, and there is no evidence which shows that the statute of New Jersey contains any such restriction or limitation as is contained in the act of 1848. Before leaving this branch of the case, it will be well to refer to the case of *Detwiller* v. *Hartman*, reported in 37 N. J. Eq. 347, in which it was held that a trust to buy a burial plat, to erect thereon a monument to the testator's memory, to cost not more than $50,000, and not less than $40,000, and a fence to protect the monument, was valid. The court there said that a testator has a right to provide for such things by his will, and that the exercise of the right cannot be denied or abridged by the consideration of the inappropriateness of the provision, whether in view of the amount of his property or his station in life. In the present case the testator devised and bequeathed all the property of which he should die seised or possessed to his executor, who was directed to convert the same, at "either public or private sale, as he may deem best, into money, and apply the proceeds thereof to the following purposes: *First.* I direct the payment of all my just debts; *second,* I direct my executor to pay my wife, Josephine A. Nobles, absolutely, one-third of the sum derived from the above-directed conversion of my estate into money. This provision for my wife is in lieu of dower, and instead of any right that she may now have, or may have had at any time, in my property, and shall be paid to her in satisfaction of any and all claims or charges that she may have upon my estate."

The parties, plaintiff and defendant, who are seeking to have the will of the testator nullified and set aside, contend that inasmuch as the widow did not make her election between the provisions of the will and her dower right prior to her death, which occured in much less than one year after the death of her husband, the legacy to her lapsed, and became a part of the residuary estate of the deceased. Inasmuch as the provision of the will, which gave to the widow absolutely one-third of the sum derived from the conversion of the estate into money, was more favorable for her than her dower right would have been, and inasmuch as she died before the expiration of the one year specified in the Revised Statutes, I think that the presumption is that she elected to accept that provision. The case of *Howell* v. *Newman*, (Sup.) 13 N. Y. Supp. 648, is not in hostility to this view. It was there held that, "where a widow, entitled to dower, dies without having asserted her claim thereto, neither her personal representatives, nor the personal representatives of her assignee of such dower right, can maintain an action to have dower admeasured, or for a gross sum in lieu thereof." In that case it did not appear that there was any provision in the will for the widow in lieu of dower, or that any election was to be made. I do not think, therefore, that the presumption that the widow in this case elected to take the more favorable provisions of the will is or can be affected by the doctrine laid down in that case. The testimony which was given in relation to the conversation between Mrs. Nobles and Mr. Hendrix, which was taken out of court, should not be received under the provisions of section 829 of the Code, and I have accordingly rejected the same in my examination of this case. The appropriate exception will be allowed upon this ruling. For these reasons judgment should be granted declaring the portions of the will of Joseph Nobles which are assailed in this action to be valid, and that the share of the widow vested in her next of kin.

The judgment and findings herein will be settled on two days' notice.