Ruggles J.
In actions like the present, the burthen of proving that the .injury complained of was caused by the defendant’s negligence lies on the plaintiff. The same rule applies as in an action for an injury to a passenger in a stage coach. It. generally happens, however,, in cases of this nature, that the same evidence which proves the injury done, proves also the defendant’s negligence; or shows circumstances from which strong presumptions of negligence arise, and which cast on the defendant the burthen of disproving it. For example: a passenger’s leg is broken while on his passage m a railroad car. This mere fact is no evidence of negligence on the part of the carrier until something further be shown. If the witness who swears to the injury, testifies also that it was caused by a crash in a collision with another train of cars belonging to the same carriers, the presumption of negligence immediately arises; not however from the fact that the leg was broken, but from the circumstances attending the fact. On the other hand, if the witness who proves the injury swears that at the moment when if happened he heard the report of a gun outside of the car, and found a bullet in the fractured limb, the presumption would be against the negligence of the carrier. It is incorrect therefore to say that the negligence of the carrier is to be presumed from the mere fact that an injury *243 has been done to the plaintiff. The presumption arises from the cause of the injury or from other circumstances attending it, and not from the injury itself.
The defendant contends, in the present case, that there was no circumstance attending the injury to the plaintiff' from which any presumption of negligence on the part of the defendant can fairly be raised. But this proposition cannot be maintained. The boarding cars were placed on the adjoining track by the defendant, and were occupied by workmen in its service. . The plaintiff's arm was broken at the moment when the passenger car in which she sat was opposite the boarding car. The long horizontal mark on the car, and other circumstances, show that the injury could not have been produced by a stone thrown against the car by any person outside. The object which was the immediate cause of the injury, must, from the mark it left on the car, have been of great strength and of considerable size. It must have been firmly fixed in its position. The shock of its first contact with, the car would otherwise have thrown it off; instead of that, it remained upheld in its position until it had passed three windows of the passenger car, protruding to some extent into each. There was nothing except the boarding cars to which the thing which caused the injury could be attached. These circumstances are convincing proof of its connection with one of the boarding cars; they cannot be accounted for on any other hypothesis. It was the duty of the defendant and its agents to keep the narrow space between the boarding cars and the passenger train clear and free from obstruction; this was not done; and although the immediate cause of the injury cannot be ascertained, this is the misfortune of the defendant and not of the plaintiffs. The burthen of showing that the injury was accidental and without fault of the defendant lies, under the circumstances above stated, on it. For this purpose its local superintendent went to the boarding cars to ascertain the cause of the injury. But he *244 does not state that he made inquiry of the people in or about those cars; or that he examined the swinging door of the store-house car by which the accident may have been occasioned, for the purpose of ascertaining whether it bore marks of the collision. The case therefore was left to stand solely on the presumption that the collision took place with some object connected with the boarding cars, negligently and wrongfully placed or left by the defendant’s servants in a position to cause the injury complained of. This was a strong and rational presumption, sufficient to carry the case to the jury, and the judge, therefore, rightly denied the motion for a nonsuit.
The judge charged the jury, among other things, that to entitle the plaintiffs to recover, they must be satisfied from the evidence that Mrs. Holbrook had been injured by the negligence and want of care of the defendant, its agents or servants, and that they must be satisfied from the proofs, not from speculation, that the defendant’s negligence alone caused the injury; that if the negligence or want of care of the plaintiff contributed at all to the result, she could not recover; that the company only contracted to carry her safely when she kept within the cars ; that it was for the jury to say whether her elbow was,out of the cars at the time of the injury, and if it was, it was a circumstance or fact from which they might infer negligence or want of ordinary care on her part.
The judge was then requested by the defendant’s counsel to charge, as matter of law, that if they found that the plaintiff’s arm or elbow was outside of the window of the car when the injury was received, it was an act of negligence and she could not recover; but the judge refused to charge on that subject other than he had charged, to which refusal the defendant excepted.
In this refusal to charge as requested I was at first inclined to think there was error. But my brethren are unanimously of opinion that the judge had already charged the jury *245 substantially in conformity with the request; and that he was right therefore in declining to repeat what he had before stated. I yield to their judgment on this point and concur in affirming the judgment.
Crippen, J., also delivered an opinion in favor of affirmance.
Judgment affirmed.