HENRY C. HOWELL, as Administrator, etc., of SALLIE A. HOWELL, Deceased, Plaintiff, *v.* ALLEN G. NEWMAN, Executor, etc., of THOMAS GARDINER, Deceased, and· Others, Defendants.

*Dower — if a doweress takes no proceedings therefor in her lifetime, the right abates· absolutely.*

Where a widow, entitled to dower in real property, does not take any proceedings. in her lifetime to assert her claim, the right to have dower admeasured abates with her death, and neither her personal representatives nor those of her assignee can thereafter enforce it in any form.

Exceptions ordered to be heard in the first instance at General Term, after a dismissal of the complaint on a trial at the New York Circuit before the court and a jury on October 20, 1890.

*James M. Lyddy,* for the plaintiff.

*John S. Davenport* and *A. B. Tappan,* for the defendants.

O'Brien, J. :

This is an action for the recovery of a dower right brought against. the estate of, and beneficiaries under the will of, the late Thomas Gardiner by the plaintiff as the personal representative of the assignee of such dower right.

The widow and doweress, by deed dated the 13th day of October, 1888, assigned her dower and right of dower to Sallie A. Howell.

Plaintiff's intestate subsequently died August 7, 1889, and this. action was commenced after her death, October 5, 1889. No action for admeasurement of dower in any shape was brought in the life-· time of Emma Gardiner.

The sole ground upon which the complaint was dismissed was,.

that an action for dower commenced after the widow's death will not lie. If this ground is well laid it is unnecessary to discuss the other questions raised upon this appeal as to whether or not the will creates a trust estate incompatible with dower, and, therefore, compelled an election by the doweress.

A consideration of the character of the action itself will determine whether or not, after the death of the widow, it can be maintained.

The judgment upon the allegations of the complaint asked for is : That the plaintiff have dower of all the testator's lands, and that the same be set off and admeasured, and, in the alternative, that a gross sum be decreed.

It will thus be seen that the present action is not a proceeding under the Code by the widow for dower assigned or damages for withholding dower, but is an action to admeasure dower. The judgment to be entered in such an action is that provided by section 1613 of the Code, which authorizes judgment awarding the widow during her natural life actual possession of a certain portion of the property, or that she be paid a certain sum annually during her life, and that damages may be awarded her for withholding dower.

Whatever doubt may have existed at common law as to the right to assign, it has been settled in this State that a widow's dower right, although not admeasured, is an absolute right which is assignable. (*Pope* v. *Meade*, 99 N. Y., 201; *Payne* v. *Beaker*, 87 id., 153.) While, therefore, the assigment made my Emma Gardiner to Sallie A. Howell of her dower right, if any existed, was valid, it still remains to be determined what effect the death of Mrs. Gardiner had upon such right prior to its being admeasured.

Authorities can be cited for the maintenance of an action to admeasure dower brought by the assignee. But in all the cases it will be found that such right was recognized and enforced only during the lifetime of the widow. In *Kyle* v. *Kyle* (67 N. Y., 407) it is said: "By the Revised Laws (1 R. L., 60, § 1) she might prosecute at any time in her life."

The dicta to be found throughout the opinion in this case will show that the court was of opinion that such an action could only be maintained during the lifetime of the doweress. The case of *McKeen* v. *Fish* (33 Hun, 30; affirmed in 98 N. Y., 645) is a direct authority against the plaintiff's contention. In that case the appel-

lant's testatrix commenced an action to have her right of dower determined. A reference was ordered, and before any interlocutory judgment was entered the widow served a consent in writing agreeing to receive a gross sum in lieu of dower.

Subsequently, and while the action was still pending, and prior to the determination thereof, she died. The trial proceeded, and subsequently the referee found and reported a state of facts that would have entitled the widow, had she been living, to some right of dower. DAVIS, J., in the course of the opinion, says: "We are of opinion that, at the time of the death of the plaintiff's testatrix, her action, notwithstanding the filing of her consent, had not reached a state or condition in which she was entitled to claim a vested right to a gross sum of money equal to the value of her dower in the property, or any part thereof. A different state of things might exist if her right of dower had been determined and the proceedings in the action had reached a stage in which the court had adjudged that a sale of the premises be made. * * * Until it has been determined whether a parcel or parcels will be set off to the widow or a sale ordered, and the value of her life interest invested and paid to her, after she is adjudged to be entitled to dower, her right, beyond mesne profits, remains a mere naked and inchoate life estate and terminates on her death."

This is a direct authority which in no way conflicts with the cases cited by the appellant as authorizing an action by an assignee for allotment of dower, for, upon examination, the latter will all be found to be cases where actions were brought during the lifetime of the widow.

Emma Gardiner, the widow in this case, having died before the commencement of this action, the period during which a distinct parcel of the property could be laid by, or a sum in lieu thereof, had expired; and in the absence of statutory provision authorizing this action, it must be deemed to have abated on her death. It is clear, therefore, from the authorities, that the claim to dower, as here asserted, is not a lien upon the testator's land, and the widow having died without action, neither her personal representatives, nor the personal representatives of her assignee, can assert any such claim or maintain an action either to enforce a lien or admeasure or recover a sum in gross in lieu thereof.

The right of the doweress, therefore, not having been asserted in some form during her lifetime, does not survive her. The exceptions taken by the appellant upon the trial must, therefore, be overruled and judgment ordered, in accordance with the direction of the trial judge, in favor of the defendants dismissing the complaint, with costs and disbursements to each of the respondents.

VAN BRUNT, P. J., and DANIELS, J., concurred.

Exceptions overruled and judgment ordered in favor of the defendants, dismissing the complaint, with costs and disbursements to each of the respondents.