MARY ANN ROBINSON (HENRY MOTTET, Executor, etc.),
   Appellant, *v.* ROBERT GOVERS et al., Respondents.

In an action to recover dower, plaintiff filed her consent to accept a gross
   sum as provided for by the Code of Civil Procedure (§ 1617). After a
   verdict therein determining plaintiff to be entitled to dower, defendants
   moved for leave to pay the gross sum in lieu thereof. A reference
   was ordered to ascertain the sum plaintiff was entitled to; the referee
   made and filed his report, specifying the sum. A motion was made to
   confirm the report; the court decided to confirm it, its decision being
   expressed in the form of a written opinion. The formal order embody-
   ing this decision was prepared and signed by the court three days there-
   after, which was immediately entered. Plaintiff died on the same day,
   about two hours before the order was so signed and entered. The court
   thereafter made an order directing that the action be continued in the
   name of plaintiff's executor, and that the sum stated be paid to him.
   *Held*, no error; that the plaintiff's right to demand and receive the sum
   fixed was established when the court made its decision, and this right
   was not defeated by the fact that the formal order was not entered until
   after her death; that in equity this might be regarded as done at the
   time the decision was made.

(Argued April 24, 1893; decided June 6, 1893.)

APPEAL from order of the General Term of the Supreme
Court in the first judicial department, made February 17,
1893, which reversed an order of Special Term granting a
motion to continue the action in the name of the original
plaintiff, and denied said motion.

This was an action to recover plaintiff's dower in the estate
of Anthony Robinson, defendant's intestate.

The facts, so far as material, are stated in the opinion.

*Austen G. Fox* and *John B. Pine* for appellant. After
the plaintiff had filed her duly-acknowledged consent to accept,
and the defendants had applied to the court for leave to pay a
gross sum in discharge of the plaintiff's dower, and the court had
made the order of reference directing the referee to ascertain and
report the value of the plaintiff's dower, and the referee had
made his report fixing its value, based upon the defendants'
own valuation of the property, the plaintiff had acquired such

a vested right to that specific sum of money as entitled her executor to the order continuing the action. (Code Civ. Pro. § 1618; *Mulford* v. *Hiers*, 2 Beas. Ch. 13; *McLaughlin* v. *McLaughlin*, 22 N. J. Eq. 505; *McKeen* v. *Fish*, 33 Hun, 30.) The right to have the action continued does not depend on the question whether the order was signed or entered before the plaintiff's death, but upon the question whether, during her life, the plaintiff had acquired the right to have the order entered. (*Livermore* v. *Bainbridge*, 45 N. Y. 125; *Rightmyer* v. *Durham*, 12 Wend. 245; *Beach* v. *Gregory*, 2 Abb. Pr. 203; Code Civ. Pro. §§ 755, 763; *Carr* v. *Rischer*, 119 N. Y. 117; *Blake* v. *Griswold*, 104 id. 613; *Wood* v. *Phillips*, 11 Abb. Pr. [N. S.] 3; *Paul* v. *Paul*, 36 Penn. St. 270; *Unangst* v. *Kraner*, 8 W. & S. 391.) The action did not abate by the death of the plaintiff. (*Scranton* v. *Baxter*, 3 Sandf. 660.) The right of the executor to continue the action is absolute. (Code Civ. Pro. § 757; *Greene* v. *Martine*, 21 Hun, 136; 84 N. Y. 648; *Holsman* v. *St. John*, 90 id. 461. The decision rendered by Mr. Justice PATTERSON on February 15, 1892, was final, and determined the rights of all the parties. The order entered thereon on February 18, 1892, was in effect a final judgment as of the date when the decision that it embodied was rendered. (*Pearson* v. *Lovejoy*, 35 How. Pr. 193; *Kirby* v. *Fitzpatrick*, 18 N. Y. 484.) The plaintiff is entitled to her costs and disbursements as a matter of right, and the allowances to plaintiff's counsel and to the guardian *ad litem* were properly granted in the discretion of the court. (Code Civ. Pro. §§ 1612, 1618, 1625; *Schierloh* v. *Schierloh*, 14 Hun, 572; *Campbell* v. *Irving*, 43 How. Pr. 258.)

*Gratz Nathan* for respondent. The action abated by the plaintiff's death, and for that reason the order of the Special Term continuing the action was erroneous, and was properly reversed at the General Term. (Code Civ. Pro. §§ 755, 1618, 1619, 1621, 1624.) The provisions of section 763 of the Code do not apply to a case where the cause of action does not sur-

.vive the death of the plaintiff. (*Robinson* v. *Govers*, 65 Hun, 562.) Even if the provisions of section 763 applied to a case in which the cause of action does not survive upon the death of the plaintiff, the verdict which was rendered in this case would not authorize a continuance of the action upon the death of the plaintiff before the entry of judgment. (Code Civ. Pro. §§ 1607, 1618, 1619, 1620, 1621, 1624.) The legal representatives of the plaintiff would have no right to receive the sums in gross to which she would have been entitled if she had survived until the payment of such sums had been finally and absolutely adjudicated in her favor. (*McKeen* v. *Fish*, 33 Hun, 28; *Mulford* v. *Hiers*, 2 Beas. Ch. 13; *Johnson* v. *Thomas*, 2 Paige, 377; *Paul's Exrs.* v. *Paul*, 36 Penn. St. 270.) The opinion embodied in the memorandum of Mr. Justice PATTERSON was not such a determination of the rights of the parties as that the fact that it was made before the plaintiff's death saved the action from abatement and entitled the plaintiff's legal representatives to an order continuing the action. (Code Civ. Pro. §§ 1618, 1624.) The fact that the memorandum by the justice who made the order of February eighteenth was promulgated in the plaintiff's lifetime, and the recital of that fact in the order, by amendment, do not justify the court in giving effect to the order as of the date of the filing of that memorandum. (Code Civ. Pro. § 1618.) The General Term had not a right, upon the reargument, to consider the order amending the order of February eighteenth, and the order as resettled had properly no place in the record for the purpose of such reargument. (*Carter* v. *Beckwith*, 82 N. Y. 83.)

O'BRIEN, J. The court at Special Term in this case, after the death of the plaintiff, in an action to recover dower, made an order directing that the action be continued in the name of the executor and that the money which she was to receive in lieu of dower be paid to him. The General Term has reversed the order, holding virtually that the action has abated by the plaintiff's death. We agree with the learned General Term that § 763 of the Code has no application to the ques-

tion.  That applies to cases in which the cause of action survives, and unless the order appealed from can be questioned upon some other ground it should stand.  The widow's estate in dower in the lands of her husband terminates at her death, and in an incomplete proceeding for admeasurement there would be nothing for the court to act upon after the plaintiff's decease.  The real question here, however, is whether the plaintiff at the time of her death was vested with the right to a sum of money in lieu of dower which passed to her executor and could be claimed by him.  In determining that question the various steps taken by both sides in the progress of the action up to the time of the death of the plaintiff become important.  The husband and wife had lived separately for some time before his death and she was in receipt of a stipulated allowance in money from his property, which was paid to her up to the time of her death.  Under the husband's will his collateral relatives took the real estate subject to the widow's dower.  She brought this action to recover it and filed her consent to accept a gross sum under the provisions of the Code (§ 1617).  The defendants were the executor and trustee and the devisees under the will and they having answered, the issue was tried before the court and a jury, October 22, 1891, and a verdict rendered that the plaintiff was entitled to dower.  The plaintiff moved for an interlocutory judgment upon the verdict and an inquiry whether there ought to be admeasurement or a sale.  At the same time the defendants moved, under §·1618 of the Code, for leave to pay the gross sum in lieu of dower.  The court ordered a reference to ascertain the sum to which the plaintiff would be entitled as the equivalent of her estate in the lands, and the referee made and filed his report that the plaintiff was entitled to a sum of money therein specified as the value of her dower interest.  A motion to confirm this report was argued and submitted to the court on the 30th day of January, 1892.  On the 15th day of February, 1892, the court decided to confirm the report, and its decision was expressed in the form of an opinion in writing.  This decision gave to the plaintiff a specified sum of money as the value of her dower

and disposed of the question of costs between the parties. The formal order embodying this decision was not prepared and signed by the judge presiding, and who made the decision, until February 18, 1892, at thirty minutes past two o'clock in the afternoon of that day, when it was immediately entered. The plaintiff died on the same day at ten minutes past twelve, two hours and twenty minutes before the order was signed and entered. Had the order been entered at any time before the moment of the plaintiff's death, it is not suggested that there would then be any question as to the right of her next of kin or executor to demand and receive the money. By the plaintiff's consent filed and the motion to the court by defendants for permission to pay a gross sum, all parties virtually assented that the plaintiff's interest in the lands of her husband should be satisfied and discharged by the payment to her of a sum of money. The plaintiff had consented to receive it. The defendants, by their motion to the court, had expressed their willingness to pay it, and nothing remained to be done except to ascertain the amount or the exact sum which would represent the value of the plaintiff's interest. This involved an inquiry as to little more than two facts, namely, the plaintiff's age and the value of the whole property. The referee's report fixed the sum to which the plaintiff was entitled. True, it was not operative or final until confirmed. But it was confirmed. The necessary judicial action to accomplish that result was had. The decision was expressed in writing, and it had all the certainty of a formal judgment. The formal order entered is but the evidence of the decision or judgment, and not the decision itself, which must always precede the entry of the order. The entry of a formal order may have been necessary for the enforcement of the right, but the right itself, that is to say the plaintiff's right to demand and receive a certain sum of money in lieu of dower from the defendants or from the land, was established and declared when the court delivered its decision of the questions before it in writing. The claim or right thus acquired was capable of transmission or transfer when judicially ascertained

and determined, and the fact that the formal order, which is required by rules of practice to be signed and entered as evidence of the action of the court, was not so signed and entered till after the moment of her death did not defeat the right which resulted from such judicial action. When the court had decided to confirm the report of the referee, the plaintiff was vested with the right to the sum of money therein specified, and the delay in entering upon the records the formal expression and evidence of that decision did not affect the right, though it might affect the remedy for its enforcement. The material fact is that, before the death of the plaintiff, the court had acted upon the case and adjudged what her rights were. What remained was mere formality and not matter of substance. If the clerk of the court or her attorneys failed to place upon the records of the court, before her death, the formal evidence of its action which conferred the right, that may in equity be regarded as done at the time the decision was made. For the purpose of computing the time to appeal, or making an appeal, the decision of the court must be made to assume the form of a judgment or order in the technical sense of these terms (*Knapp* v. *Roche*, 82 N. Y. 366); but when the right to money in lieu of dower depends upon the confirmation of the report of a referee, as in this case, that may be regarded as done at the time the decision was actually made, as then the party acquired the right to have the order entered. The proceedings had reached such a stage before the plaintiff's death as to vest in her a right to the money representing the value of her estate in the land, and this right passed to her executor. (*Fulton* v. *Fulton*, 8 Abb. [N. C.] 210; *McLaughlin* v. *McLaughlin*, 22 N. J. Eq. 505–512; *Mulford* v. *Hiers*, 2 Beas. Ch. [N. J.] p. 1315; *Livermore* v. *Bainbridge*, 49 N. Y. 128, 129; *Mackay* v. *Rhinelanders*, 3 Johns. Cases, 467.)

It follows that the order of the General Term should be reversed and that of the Special Term affirmed, with costs.

All concur, except Andrews, Ch. J., dissenting.

Ordered accordingly.