### ARMSTRONG v. TRUSTEES OF UNION COLLEGE.

(Supreme Court, Appellate Division, Fourth Department.   November 20, 1900.)

DEATH OF PLAINTIFF—ABATEMENT OF ACTION—SUBSTITUTION OF EXECUTOR.
    When, after the dismissal of a complaint, an allowance of additional costs was granted defendant, and plaintiff thereafter died, it was proper to substitute her executor as plaintiff, and continue the action in his name, though no judgment had been entered, since the dismissal carrying costs, and the order having been made prior to plaintiff's death, under Code Civ. Proc. § 763, declaring that, if either party to an action die after a decision, final judgment shall be entered in the name of the original parties, a judgment for the additional costs might be entered without the substitution of the executor, and he should be permitted to have the order constituting a cloud on his estate reviewed, if he saw fit.

Appeal from special term, Clinton county.

Action by Harriet H. Armstrong against the trustees of Union College.   From an order substituting Emmett Armstrong as plaintiff, defendant appeals.   Affirmed.

This action was brought by one Harriet H. Armstrong to recover her dower interest in certain lands of which the defendant, the trustees of Union College, is the present owner, and also damages for the withholding of such interest.   At the time of bringing her action the plaintiff claimed to be the widow of one Thomas Armstrong, deceased, who was the defendant's predecessor in title to said lands, and who, it is alleged, died seised thereof, which allegation is in part admitted by the answer.   The issues raised by the defendant's answer were duly tried, and resulted in a dismissal of the plaintiff's complaint, with costs, and judgment was ordered accordingly on the 24th day of October, 1898.   Thereafter an extra allowance of $350 was awarded the defendant, and the order awarding the same, together with the decision of the court upon the principal issues, was filed January 26, 1899.   Upon the 18th day of February following, and before any judgment had been entered, Mrs. Armstrong died, leaving a last will and testament in and by which she appointed one Emmett Armstrong sole executor thereof; and he thereupon duly qualified, and is now acting as such.   On the 8th day of May, 1899, the executor moved at special term to be substituted as plaintiff in the place of Harriet H. Armstrong, deceased, and that the action be continued in his name.   This motion was granted, and from the order granting the same this appeal is brought.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

R. J. Landon, for appellant.
Weeds, Smith & Conway, for respondent.

ADAMS, P. J.   It is the contention of the learned counsel for the respondent that, notwithstanding the death of Mrs. Armstrong before she had established her right to dower in the premises of which her husband died seised, he, as her executor, is entitled to recover such arrears of dower as would belong to her if she were living, and to that end that he should be afforded an opportunity to review the

judgment in her dower action, in order to obtain a reversal thereof if sufficient ground therefor can be assigned. This certainly presents an interesting and somewhat novel question, and one which may possibly have to be determined later on; but we do not regard its consideration necessary at the present time, inasmuch as we are of the opinion that the order appealed from must be affirmed upon another and entirely distinct ground. The dismissal of the complaint in the dower action carried with it the right to recover the costs thereof, together with such additional allowance as was subsequently granted. It is true that no judgment has as yet been entered therefor; but, as both the decision and order antedate the death of Mrs. Armstrong, the defendant clearly has the right to enter one at any time it may so elect, without having her personal representative substituted in the action. Code Civ. Proc. § 763. This being the case, it seems quite proper that the executor should be permitted to review the defendant's right to an extra allowance, if nothing else, by an appeal to this court; for, as long as the order granting the same is unreversed, it remains a cloud upon the estate represented by the executor, and one which is liable at any time to resolve itself into a judgment.

Order affirmed, with $10 costs and disbursements. All concur.

McLENNAN, J. The order appealed from should be affirmed upon the ground stated in the prevailing opinion, and also because the representative of a deceased dowress, who in her lifetime made demand for arrearages of dower to which she was entitled in lands of which her husband died seised, brought suit to have her dower admeasured and to recover such arrearages, and died after a decision in such case was made against her, but before the entry of judgment, is, as a matter of right, entitled to be made a party to such action, cause judgment to be entered upon the decision, review the same by appeal, or take such other proceeding as may be necessary in such action to recover the amount of such arrearages as a part of the estate of the deceased dowress. Any other rule would be inequitable and unjust, and ought not to prevail, unless the highest judicial authority has declared that it necessarily follows from the proper construction of the statute. In practice, it would tend to induce resistance to all claims for arrearages of dower, although concededly valid, and even if the amount was ascertainable by mathematical calculation, solely for the purpose of delay, in the hope that the death of the dowress might occur before the entry of judgment, and thus bar all right of recovery. It is settled by a long line of decisions that, if a widow dies before judgment is entered admeasuring her dower in lands of which her husband died seised, it cannot be recovered, even although suit was brought for that purpose by the widow during her lifetime. The following cases cited by appellants' counsel are authority for the proposition: McKeen v. Fish, 33 Hun, 28, affirmed in 98 N. Y. 645; Howell v. Newman, 59 Hun, 538, 13 N. Y. Supp. 648; Robinson v. Govers, 65 Hun, 562, 20 N. Y. Supp. 571, affirmed in 138 N. Y. 425, 34 N. E. 209; Mingay v. Lackey, 142 N. Y. 449, 37 N. E. 471; Johnson v. Elwood, 82 N. Y. 362. None of those cases, however, hold that mesne profits may not

be recovered under such circumstances. The precise question was not involved in the decision of any of those cases, although the language of the court in McKeen v. Fish, supra, would seem to imply that it did not consider that the right to recover mesne profits terminated with the death of the widow. The court said:

"Until it has been determined whether a parcel or parcels will be set off to the widow, or a sale ordered, and the value of her life interest invested and paid to her after she is adjudged to be entitled to dower, her right, beyond mesne profits, remains a mere naked and inchoate life estate, and terminates on her death."

At common law a widow was entitled to recover the profits of the third part of the lands of which her husband died seised only from the time when she recovered judgment (Scrib. Dower, c. 253, § 1; 1 Rop. Husb. & W. 437); and although by Magna Charta the dower of the widow was to be assigned to her within 40 days after the death of her husband, as was observed by Lord Coke:

"Of little effect was that act, for that no penalty was thereby provided if it was not done." 1 Co. Litt. c. 1, § 24.

Under the common law the right to dower accrued immediately upon the death of the husband. The obligation was imposed to made assignment of it to the widow within 40 days, but no penalty was provided if it was not done, with the result that the performance of the obligation was neglected or refused with impunity. Recognizing the injustice of such a rule, the statute of Merton (20 Hen. III.) was passed in 1235, which provided:

"Of widows which after the death of their husbands are deforced of their dowers, and cannot have their dower or quarantine without plea, whosoever deforce them of their dowers, or quarantine of the lands whereof their husbands died seized, and that the same widows after shall recover by plea, they that be convicted of such wrongful deforcement, shall yield damages to the same widows; that is to say, the value of the whole dower to them belonging from the time of the death of their husbands, unto the day that the said widows, by judgment of our court, have recovered seisin of their dower," etc.; "and the deforcers nevertheless shall be amerced at the king's pleasure."

The provisions of the statute of Merton were, in substance, adopted by the legislature of the state of New York by an act passed January 26, 1787, which provided:

"That a widow, after the death of her husband, * * * shall tarry in the chief house of her husband forty days after the death of her husband, or until her dower be assigned to her; and she shall have in the mean time her reasonable sustenance out of the estate of her husband; and for her dower shall be assigned unto her the third part of all the lands of her husband, which were his at any time during the coverture. That in case widows, after the death of their husbands, be deforced of their dowers, and cannot have their dowers or quarantine without suit, whosoever deforce them of their dowers, or quarantine of the lands whereof their husbands died or shall die seized, and be convicted of such wrongful deforcement, shall yield damages to the same widows; that is to say, the value of the whole dower to them belonging, from the time of the death of their husbands unto the day that the said widows shall recover seisin of their dowers by judgment of the court, and the deforcers shall nevertheless be amerced."

By the statute law of this state from that time (1787) until the present, widows of husbands who died seised of lands during coverture have been entitled to have assigned to them the one-third of

such lands, and to recover the mesne profits of such one-third from the time of the decease of such husbands to the time of the entry of judgment therefor, as damages for withholding the same. By Rev. St. 1829, p. 742, tit. 3, § 19, it was provided:

"Whenever, in an action brought for the purpose, a widow shall recover her dower in lands of which her husband shall have died seized, she shall be entitled also to recover damages for the withholding of such dower."

In each subsequent revision of the statute the provision was retained without change or modification, until the adoption of the Code of Civil Procedure in 1880. Substantially the same provision was then incorporated in the Code (section 1600), and has ever since remained unchanged. Section 1600 provides:

"When a widow recovers, in an action therefor, dower in property of which her husband died seized, she may also recover, in the same action, damages for withholding her dower, to the amount of one third of the annual value of the mesne profits of the property, with interest to be computed," etc.

We have thus seen that for more than a century the statute now in force (section 1600 of the Code of Civil Procedure), which authorizes the recovery of damages for withholding dower, and prescribes the manner in which such damages may be recovered, has in effect been in force, and the provisions affecting the question involved upon this appeal have not been changed or modified. The law as it then stood (1831) was interpreted in Johnson v. Thomas, 2 Paige, 377. That was an action brought by the plaintiff to recover dower in certain real estate of which her husband was seised during his lifetime. Defenses were interposed to the effect that the plaintiff during coverture, in conjunction with her husband, mortgaged the premises to one Walker, and that such mortgage was still unpaid; also, that the premises were sold upon a judgment against her husband, were purchased upon such sale by Walker, and that the interest of Walker under the mortgage, and also that acquired by him upon the sale under the judgment, passed to the defendant, and that the plaintiff was not entitled to dower. The cause was tried in the court of chancery in 1826, but before it was decided the plaintiff died. Thereafter, and in 1831, and after the chancellor who heard the case had died, the executor of the plaintiff presented a petition praying that a decree might be entered in the name of the plaintiff as of the time when the cause was originally argued, to enable him to obtain mesne profits and costs, or that the suit might be revived in his name and brought to a hearing for the same purpose. It was pleaded, among other things, in the answer to the petition, that as the plaintiff, the dowress, died before the decision was rendered and judgment entered, her representatives could not recover the mesne profits. Passing over several other questions discussed by the court, Chancellor Walworth, who delivered the opinion, said (page 383):

"Where the dowress brings her action at law, if she dies before her right is established her representatives have no remedy for costs, or for the mesne profits of the premises after her right accrued. By the statute of Merton (20 Hen. III. c. 1; Rev. Laws 1813, p. 57, § 2), she could only recover damages in cases where the husband died seised. And, even in cases coming

within that statute, if she had not made a formal demand of dower, before suit brought, the defendant at law might plead that he had been always ready to assign the dower, and thus excuse himself from damages and costs. But in chancery the rule is different. There, if the husband died seised, the widow may recover against the heir or devisee her share of the rents and profits from the time the right accrued, although no demand was made previous to the commencement of the suit. Mundy v. Mundy, 2 Ves. Jr. 122; Russell v. Austin, 1 Paige, 192; Hazen v. Thurber, 4 Johns. Ch. 604. In such cases the death of the dowress pending the suit in this court does not deprive her personal representatives of the arrears of dower, but they may revive, for the purpose of having the right to such arrears determined by the decree of the court. And the question of costs will be decided upon the same principles which would have governed the decision of this court previous to her death."

It will be observed that in that case the widow, who had brought an action for admeasurement of dower, died before the case had been decided and before judgment; but it was held in express terms that those facts did not deprive her personal representatives of the right to recover the arrears of dower, or to revive the action for that purpose. In Hazen v. Thurber, 4 Johns. Ch. 604, and in Russell v. Austin, 1 Paige, 192, it was held that the only effect of not making demand for mesne profits before filing a bill was to prevent the recovery of costs. So far as we have been able to discover, the precise question decided in Johnson v. Thomas, supra, has not been passed upon by the courts of this state, except in the case of Kyle v. Kyle, 3 Hun, 458, and except as the question was discussed by the court of appeals in the same case in 67 N. Y. 400. The facts in that case, however, differ from the facts in the case at bar in many essential particulars. In the Kyle Case, George Kyle, the executor of the last will and testament of David Kyle, who at the time of his death was the owner of the premises of which his father died seised, and in which Mary Kyle, his mother, had a dower interest, assumed to pay to Mary Kyle during her lifetime, without suit having been brought or demand made or contract entered into, $1,500, in payment of the mesne profits of such dower interest, and sought to have such amount allowed to him upon the settlement of his account as executor of David Kyle. David Kyle during his lifetime also paid to his mother, the widow of John Kyle, $500, to apply on such arrearages of dower; and the executor, George Kyle, sought upon such settlement to have that amount credited to the estate of David Kyle. The court at general term held that such allowances were improperly made, and judgment was entered accordingly; and in the course of the opinion Mullen, J., said:

"Mesne profits are not recoverable until the widow recovers judgment for her dower. An action will not lie for its value in money unless an express contract to pay for it is proved. Until assignment the widow has nothing but a mere right of action, so that she cannot maintain an action for use or occupation."

The cases cited by the learned judge (Coit v. Planer, 4 Abb. Prac. [N. S.] 140; Yates v. Paddock, 10 Wend. 528; Smith v. Stewart, 6 Johns. 46), so far as we can discover, are in no sense authority for the proposition stated. Upon review of the case by the court of appeals, the conclusion reached by the general term that the claim of the

executor ought not to be allowed was approved; but in so doing attention is called to the fact that in that case no judgment for dower had been recovered, no action had been brought therefor, no demand of dower had been made, and no explicit contract had been entered into with the widow to pay for the use of the premises. In discussing the question, Folger, J., uses the following language (page 404):

"Equity was wont, before the Revised Statutes gave the widow a better remedy at law for her dower and the rents and profits than was theretofore furnished, to entertain her bill for an assignment of her dower, and gave it either by metes and bounds, or an alternate use of the property, or an assignment of a third of the rents and profits, or by a gross sum reckoned by the annuity tables, as the circumstances of the case required. See Coates v. Cheever, 1 Cow. 476. And in so doing it held the heir at law or devisee of the premises as trustee for her of the arrears, though dower had not been demanded. And when she had died before she had established her right there was, in favor of her representatives, decreed an account of rents and profits since the time her right had accrued. But we are not aware that this has been done in this state, save in an action brought by her for an assignment of dower, and as an incident to it. No express authority that it has been or can be done has been produced to us by counsel. It has been strongly intimated in Maryland that it will not. Kiddall v. Trimble, 1 Md. Ch. 143. It has been held in Mississippi that it will (Harper v. Archer, 28 Miss. 212), but without elaborate consideration; and the authorities cited (viz. Story, Eq. Jur. §§ 625, 626; Park, Dower, 352; 1 Fonbl. Eq. c. 3, § 3), when sifted, do not sustain the decision, and go no further than that where the widow or tenant has died pending suit, before arrears of dower have been ascertained and awarded, a court of equity will revive the suit in favor of her, or against his, representatives, to enable a recovery of the arrears. The principle is that the dower is the principal thing, and the rents and profits merely accessory and consequential. Until the right to the principal is established, and it obtained, that which is only incidental cannot be had. The Revised Statutes of this state, in declaring the right of the widow to recover damages for withholding dower, say that they shall be estimated in the suit for the recovery of the dower."

Again, at page 407, the court says:

"The reason why equity in former times did not limit the widow to any period in her recovery of arrears was that there was no limitation at law. Oliver v. Richardson, 9 Ves. 221. Now, in England, equity follows the statute. Bamford v. Bamford, 5 Hare, 203. The rule should be the same here. In the absence of a judgment for dower, without action brought therefor, in the absence of any demand of dower, without explicit contract shown with the widow to pay for the use of it, we do not perceive the right of the executor to pay the widow therefor, upon the manifestly illegal basis adopted by him, out of the assets of the estate, and still less to charge the estate, directly or indirectly, by an executory contract to make such payments."

We think it cannot be said that the court of appeals in that case decided or intended to decide that, in a case like the one at bar, mesne profits cannot be recovered by the representatives of a deceased dowress. One of the headnotes in the case clearly indicates that the court did not understand that it had decided that question. It is as follows:

"As to whether an executor of an heir at law has the right to charge the estate of his testator, or expend the assets in his hands, for the payment of arrears of dower, where dower has not been assigned, quære."

As we have seen, the proposition was squarely decided in Johnson v. Thomas, supra. The attention of the court of appeals was directly called to that decision in the Kyle Case, supra; and it in no

manner criticised that decision, or dissented from the views therein expressed. In the English equity courts it is settled that the omission to obtain an actual assignment of dower will not affect the right of the widow, while living, to obtain payment of mesne profits in equity, nor deprive her personal representatives of them in the event of her death.

In Wakefield v. Childs, 1 Fonbl. Eq. 22, which was decided in 1791, it is said:

"And, though the widow should die before she had established her right to dower, equity will, in favor of her personal representatives, decree an account of the rents and profits of the lands of which she afterwards appeared dowable, but will not allow interest thereon."

In Duke of Hamilton v. Lord Mohun, 1 P. Wms. 118, 122, Lord Cowper said:

"And, as to the want of formal assignment of dower, that is nothing in equity; for still the right in conscience is the same. But, if the heir brings a bill against the mother for an account of profits, it is most just that a court of equity should, in the account, allow a one-third of the profits for the right of dower."

In that case the defendant, who was the dowress, was in possession of the entire estate. The action was brought by the heir to recover the rents and profits of two-thirds of the estate. The judgment decreed that two-thirds of the rents and profits should be recovered by the heir, and one-third retained by the dowress. It was not deemed necessary, before such decision could be made, that the judgment should also make assignment of dower. So far as appears, neither party desired or asked for such relief. In such action brought by an heir to recover rents and profits under the laws of our state, it would be absurd to require him to procure an entry of judgment admeasuring the widow's dower, perchance against her will, in order to entitle him to recover the rents and profits to which he was entitled. The decision in the case of Duke of Hamilton v. Lord Mohun, supra, was approved by Lord Hardwicke in Graham v. Graham, 1 Ves. Sr. 262.

Story, in his work on Equity Jurisprudence (volume 1, § 625), says:

"There are some cases in which the remedy for dower in equity seems indispensable. At law, if the tenant dies after judgment and before damages are assessed, the widow loses her damages. And so, if the widow herself dies before the damages are assessed, her personal representatives cannot claim any. But a court of equity will in such cases entertain a bill for relief, and decree an account of rents and profits against the respective representatives of the several persons who may have been in the possession of the estate since the death of the husband, provided at the time of filing the bill the legal right to damages is not gone."

A large number of cases are cited by the author in support of the proposition.

It is difficult to see why those decisions are not authority for the proposition that mesne profits may be recovered by the representatives of a dowress after her death, under the law of this state as it now exists. Those decisions simply interpreted the statute of Merton, supra, as it has been modified by subsequent enactment; its essential features, however, remaining unchanged, and being sub-

stantially the same as our own statute, in so far as it gives the right, prescribes the extent, and defines the nature of dower. If the principle decided in those cases is conceded,—that "the want of formal assignment of dower is nothing in equity, since the widow's right in conscience is the same as if it had been made," and that the right to mesne profits already accrued is different from and independent of the right to the possession and enjoyment of the subject of such profits,—the fact that our statute provides, "when a widow recovers, in an action therefor, dower,  *  *  *  she may also recover in the same action damages for withholding her dower,  *  *  *" ought not to be held to preclude a recovery for the mesne profits already earned and accumulated for the widow, and wrongfully withheld from her, simply because the right to recover possession of the lands which yielded such profits has terminated by her death. At most, those provisions of the statute only seek to prescribe a rule of practice or procedure, and not to create a new cause of action, or in any manner change the existing cause of action. For nearly a century prior to the passage of the Revised Statutes the right of action existed to recover damages for withholding dower, as well as for obtaining it. It is hardly conceivable that the legislature, by the enactment which gave a more convenient remedy for the recovery of mesne profits, intended thereby to destroy that cause of action in case, for any reason, the other abated. In an action like the one at bar, brought to recover dower and mesne profits, may not the widow waive her right to dower and judgment therefor, and insist only upon her right to recover mesne profits? Does the waiver of one forfeit all right to the other? That the legislature did not intend to limit in all cases a recovery for damages to actions in which dower is recovered is evident. By section 1603 of the Code it is provided:

"Where a widow recovers dower in real property aliened by the heir of her husband, she may recover in a separate action against him her damages for withholding her dower, from the time of the death of her husband to the time of alienation, not exceeding six years in the whole.  *  *  *"

A tenant for life may maintain an action against a remainderman who has unlawfully ousted him from real property, to recover possession and the rents and profits earned during the ouster. The right to possession terminates immediately upon the death of the tenant, and that cause of action dies with him; but it is elementary that an action may be prosecuted in the name of the tenant's representative to recover the rents and profits. Upon the trial of such an action the same facts would have to be proved as if the tenant were living, namely, that he was a life tenant, that he was ousted, and that he was lawfully entitled to possession during the period of ouster. Precisely the same reason for the rule exists in the case at bar, and we can conceive of no good reason why another or different rule should be applied to cases of this character.

The decisions of the courts of the different states are conflicting in regard to the right of the administrator to a widow to recover mesne profits where she has died before dower has been assigned. In Maryland, if her death occurred pending the action to establish her

dower, her personal representatives may recover mesne profits; otherwise, not. Kiddall v. Trimble, 1 Md. Ch. 143; Steiger's Adm'rs v. Hillen, 5 Gill & J. 121. In Mississippi the representatives of a widow may recover the damages, although she took no proceedings during her lifetime to recover her dower. Harper v. Archer, 28 Miss. 212. In Paul's Ex'rs v. Paul, 36 Pa. St. 270, it was held that in equity the representatives of a widow entitled to dower in lands of which her husband died seised may recover the rents and profits, although she died before her dower had been assigned, and before any action had been commenced for that purpose. The same rule was laid down in North Carolina, in Peyton v. Smith, 22 N. C. 325. In Ohio, in Miller's Adm'r v. Woodman, 14 Ohio, 518, it was held that the right to mesne profits was entirely lost by the death of the widow while her action for dower was pending. Subsequently the rule in that state was changed by statute, so that now representatives of a widow in such case may recover mesne profits. In Illinois the question has not been settled by judicial decision. Turney v. Smith, 14 Ill. 242. The Kentucky courts have also refrained from making an authoritative declaration upon the subject. Coons v. Nall's Heirs, 4 Litt. 264.

We have reviewed the decisions bearing upon the question involved in this case, directly or by analogy, thus at length, because it is strenuously urged by counsel for appellant that the precise question was definitely passed upon by the court of appeals in Kyle v. Kyle, supra; that the decision in that case fully supports his contention, and should be regarded as controlling. Many of the expressions contained in the opinion of the court in that case, and the line of argument adopted, give force to the counsel's contention. If we were of the opinion that the court of appeals held or intended to hold in that case that the representatives of a deceased dowress cannot in any case recover damages from an heir or other person for withholding dower to which she was entitled, in lands of which her husband died seised, solely because she died before judgment was recovered assigning her dower, but after suit brought by her for that purpose, we would not assume to criticise such decision, but would readily yield assent to it; but in view of the uncertainty as to exactly what was held in that case upon the precise question here involved, as is indicated by the language of the opinion, and the quære in the syllabus, and considering that such holding would be in conflict with the great weight of judicial authority upon the subject both in England and in the other states of the Union, and because such a ruling is unjust and inequitable, and would encourage resistance to honest demands solely for delay, and is contrary to the rules declared to be applicable to cases similar in principle, we are of the opinion that the court did not hold or intend to hold in the Kyle Case the doctrine contended for by the appellant's counsel,—especially so when we consider that the facts in that case were essentially different from those in the case at bar, and that the conclusion reached did not necessarily involve the adoption of such rule by the court. The conclusion of the whole matter is that the representatives of a deceased widow may recover the mesne profits of her dower interest in lands of which her husband died seised, although she may have died before such dower was assigned, especially if suit was brought by her for that purpose

in her lifetime. It follows that the order appealed from is correct, and should be affirmed.

Order affirmed, with $10 costs and disbursements.