In the Matter of the Estate of CLARENCE B. STEVENS, Deceased.

Surrogate's Court, Westchester County, February 7, 1935.

*Clayton Ryder*, for the petitioner.

*Edward P. Barrett* [*Harrison P. Slosson* of counsel], for the objectors.

SLATER, S. In this accounting proceeding claim is made by the objectors that the estate of Selena Stevens, the widow of Clarence B. Stevens, deceased, is not entitled to any dower interest on the ground that Selena Stevens is dead and her dower interest ceased upon her death; that there was no admeasurement of dower made in her lifetime; that the provisions in the will of her husband excluded any right of dower on behalf of the widow.

In the opinion reported in *Matter of Stevens* (149 Misc. 230) will be found all the material facts. It shows that two parcels of real estate were sold by the widow as executrix.

The court will decide that the provisions of the will made in behalf of the widow are not repugnant to her right of dower. (*Lewis* v. *Smith*, 9 N. Y. 502; *Konvalinka* v. *Schlegel*, 104 id. 125; *Horstmann* v. *Flege*, 172 id. 381; 2 Jessup-Redf. § 934, pp. 1940, 1942; *Matter of Rehill*, 142 Misc. 502, 505.)

Prior to September 1, 1930, our statute says that a widow shall be endowed of the third part of all the lands whereof her husband was seized of an estate of inheritance, at any time during the marriage. (1 R. S. 740, § 1; Real Prop. Law, § 190.)

The court in *Wait* v. *Wait* (4 N. Y. 95, 99), says of dower: " Three things, marriage, seisin, and the husband's death, are requisite to consummate this right. The relation of husband and wife must have existed. This relation invests the wife with *dowable capacity*. When this relation has been created there exists a possibility that the wife may be endowed. Then there must be *seisin during coverture*. This converts the possibility of being endowed into what is called an inchoate right of dower. The right has commenced. ' Dower,' says Kent, ' is a title inchoate, and not consummate until the death of the husband: but it is an interest which attaches on the land as soon as there is the concurrence of marriage and seisin.' (4 Kent, 50.) It may be compared to a life estate vested in one person, to take effect only in case he survives another. The right to enjoy the estate is but a possibility. He may, and he may

not survive. If he do survive, the right becomes perfect." (*Van Blaricum* v. *Larson*, 205 N. Y. 355, 358; 1 Roper Husband & Wife, 331.)

*Lawrence* v. *Miller* (2 N. Y. 244, 248 [1849]) refers to the act of January 26, 1787, which was prior to the Revised Statutes, where the widow's right is spoken of as a " claim for dower " or a " claim." (Here there was an admeasurement of land.) At page 257 the court says: " The provisions of this act [referring to 1 R. S. 744, § 25] harmonize with those of the statute concerning dower, and the only change is, that a *claim, a chose in action*, is made the subject of a *pecuniary compensation* out of the proceeds of the land to which it relates." (This shows the change from a " *claim for dower* " to a *right to take money*.)

*Matter of Ensign* (103 N. Y. 284, 287, 288) deals with divorce, and the question arose as to whether the wife was entitled to dower. Judge FINCH said: " Existing rights already vested are not thereby forfeited, and are taken away only by special enactment as a punishment for wrong. * * * It has fastened upon the land and follows it as an incumbrance and would become consummate upon the death of the husband in either event."

The Real Property Law, article 14 (former Code of Civil Procedure, 2 R. S. 339), provides for action for dower. Section 476 of the Real Property Law relates to the final judgment to admeasure land, or provide for the payment of money, and by section 480 the widow may take a gross sum of money.

The cases cited by the administrator c. t. a. of the husband's estate in support of his contention all relate to statutory actions for dower recovery, and are as follows:

In *McKeen* v. *Fish* (33 Hun, 28 [1884]; affd., 98 N. Y. 645) the widow commenced an *action* to have her rights of dower determined. A reference was ordered. Pending this proceeding, the widow filed her consent in writing to receive a gross sum in lieu of dower. Subsequently, and while the action was still pending, the widow died. The trial proceeded and the referee found that the widow, had she been living, would have been entitled to some right of dower. The court was of the opinion that, at the time of the death of the widow, her action, notwithstanding the filing of her consent, *had not reached* a stage at which she was entitled to claim a *vested right to a gross sum of money equal to the value of her dower;* that, until it had been determined whether a parcel of land should be *set off* to the widow, or a *sale ordered* and the value of her life interest invested and paid to her, her right remains a mere naked and inchoate life estate and *terminates on her death*. Judge DAVIS said: " A different state of things might exist if her right of

dower had been determined * * *. The case would then have been in a position entitling her to have the value of her dower right ascertained."

*Howell* v. *Newman* (59 Hun, 538) was an action for the recovery of a dower right by the plaintiff as personal representative of the assignee of such dower right. The doweress was dead. No action was brought in her lifetime. It was held that the widow had a right at common law to assign her right to dower and that such right was recognized and enforced only during the *lifetime of the widow*. *Kyle* v. *Kyle* (67 N. Y. 407) cites *McKeen* v. *Fish* (*supra*) that the right of the dowress, not having been asserted in *some form* during her lifetime, does not survive her.

The court in the *McKeen* case says the question is a new one. Here for the first time was applied the principle that in a proceeding to admeasure dower a certain " stage " had to be reached when the widow was entitled to have a vested right to a gross sum of money, or until a parcel of land had been set off; that until then her right remained a mere naked life estate to terminate upon her death.

In *Howell* v. *Newman* (*supra*) the widow had died without bringing an action to admeasure, or releasing, her dower. Both of these cases were brought under statutory provision authorizing the action, provided the widow was alive. In each case she died before decree, and the right abated. (See *Mingay* v. *Lackey*, 142 N. Y. 449, for decision in a courtesy case which fixes the sale as the vesting period.)

*Youngs* v. *Goodman* (240 N. Y. 470) was a statutory partition action where the live husband was part owner of land, and the wife's contingent — incomplete right of dower — was sold. She did not appear in the action. The decree fixed the amount due and directed it to be paid to her. She died some years thereafter without claiming the fund. The court decided that as between the husband as survivor and the wife's personal representative, the husband was entitled to the fund, citing *Howell* v. *Newman* (59 Hun, 538). The court said that the lower court was " under a misapprehension of the effect to be given to general statements in *Bartlett* v. *Van Zandt* (4 Sandf. Ch. 396) and *Robinson* v. *Govers* (138 N. Y. 425)."

*Robinson* v. *Govers* (138 N. Y. 425) was an action to recover dower in property *which had not been sold* after the death of the husband. The real question here is whether the plaintiff, the widow, at the time of her death was vested with a right *in a sum of money in lieu of dower* which passed to her executor. Under the husband's will, his collateral relatives took the real estate, subject to the widow's dower. She brought an action to recover it and

filed her consent to accept a gross sum. The issue was tried and a verdict rendered that the plaintiff was entitled to dower. The plaintiff moved for an interlocutory judgment and inquired whether there ought to be admeasurement or a sale. The court ordered a reference. The referee made and filed his report that the plaintiff was entitled to a sum of money as the value of her dower interest. Motion to confirm the report was argued and submitted on the *30th day of January, 1892.* On the *15th day of January, 1892, the court decided to confirm* the report and expressed such decision in the form of an opinion in writing. The formal order embodying the decision was signed and filed on February 18, 1892, at two-thirty P. M. The plaintiff died on the same day at twelve-ten P. M. It was held that, when the court had decided to confirm the report of the referee, the plaintiff was *vested with the right* to the sum of money therein expressed. What remained was mere formality. The proceeding had reached such a stage before the plaintiff's death as to *vest in her a right* to the money representing the value of her estate in the land, and this right passed to her executor.

This was a statutory case. The vesting was pursuant to the provisions of the statute.

*Mulford* v. *Hiers* (13 N. J. Eq. 1) is to like effect. Also *McLaughlin* v. *McLaughlin* (22 id. 505, 512). When she signs the agreement, she parts with her annuity and the law raises the obligation on the part of the estate to pay the estimated value.

None of the decisions of the cited cases rest upon facts similar to those existing here. The distinguishing feature is that in the instant case the dower right was extinguished by a release of dower and a sale by the executrix. No action was brought to admeasure. No statutory provisions controlled. The right of dower passed out as an " incumbrance " on the land by the widow's voluntary release. The release had divested her of dower, but had vested in her a right to the money representing the value of her estate in the land and this right passed to her executor. Support for this reasoning is found in the following cases:

In *Bostwick* v. *Beach* (103 N. Y. 414, 422 [1886]) the court said: " But here the widow was also executrix, and, as such, one of the parties to the contract of sale. * * * We think that by *joining in the contract* of sale, without any reservation therein of her dower right, *she consented,* so far as her individual rights were concerned, to make a good title to the purchaser, and to *look to the purchase-money,* as a substitute for the land, for her dower right therein. The point made on the part of the defendant that she could not dispose of her dower before it was admeasured is decided adversely to her in the case of *Payne* v. *Becker* (87 N. Y. 153)."

In the recent case of *Matter of Gargiulo* (138 Misc. 90, 100) Surrogate WINGATE said: " Upon the sale of the property, her rights were transferred to and became impressed as a lien upon the total proceeds received, in like manner as if a particular parcel of property had been assigned to her in satisfaction of her dower rights and had subsequently been sold."

In *Matter of Kearns* (139 Misc. 877, at p. 885) the court cites *Bostwick* v. *Beach* (*supra*) as holding that the value of the dower right should be ascertained as of the date when the husband's executors (one of whom was the widow) had contracted to execute a deed of the property, and that " *She would have been entitled to that if she had performed the contract.*" The owner of the dower right is also entitled to interest on such gross sum from the date of sale to the time of distribution. (Citing *Higbie* v. *Westlake*, 14 N. Y. 281, 285.)

The facts here are unusual. Someone other than the widow is generally the executor, sells the land and pays over to the widow her dower money. Here the widow is sole executrix and, pursuant to the power of sale, she sells and retains the money under her right to use. But is it to be said that her rights as a dowress are any different under one set of facts than they are under the other when she is the sole executrix and sells? I think not.

Dower becomes " fastened upon the land and follows it as an incumbrance and would become consummate upon the death of the husband." (*Matter of Ensign*, 103 N. Y. 284, 288.) However, *Robinson* v. *Govers* (*supra*) is decided on the theory that we must search for " such a stage " in an admeasurement of dower suit when the widow takes on a vested interest. So, applying that principle to the instant case, I find that " such a stage " is analogous to the *time when the widow actually parts with her dower right by voluntary release — sells it to the executor's purchaser.* It then becomes a chose or thing in possession (*Matter of Haedrich*, 134 Misc. 741, 746), a claim, a vested right, with a lien to be impressed upon the whole proceeds of sale.

The widow's release of dower upon a sale of land by executors is as much a fixation of her rights as is the decree in an action to admeasure dower as decided in *Robinson* v. *Govers* (*supra*). One is a release by decree of court. The other is a release by assent of the widow to the executor's grantee. In both cases her right in the land is gone. She must of necessity and by right cling to the money as a vested right. The law raises the obligation on the part of the estate to pay her.

The decided cases relate to three different states of facts: (1) Where land is set for life, like other such estates it becomes extinct with the

death of the widow; (2) where a gross sum is admeasured, it becomes *vested* in the widow by decree of court, and does not abate; (3) where the widow releases her dower upon a sale by executors, her right to a sum of money becomes *vested* at the time of the release and does not abate.

In the instant case the widow was given a life estate with power of invasion and named as sole executrix with a power of sale. She sold and released her dower. With her dower right vested she has a present existing claim against the estate to be fixed by this court according to recognized mortality tables. Such a claim does not abate with her death, but passes to her executors.

I will set a date to ascertain the amount of the claim, upon application of the attorney for the widow's estate, upon one week's notice to opposing counsel.

Submit decree.