WILLIAM H. W. YOUNGS, Plaintiff, *v.* CLARISSA GOODMAN and Others, Defendants, Impleaded with HARRY E. MONTES, Respondent, and WALTER G. HERBERT, as Administrator of the Estate of LOUISE MONTES, Deceased, Appellant.

CITY CHAMBERLAIN OF THE CITY OF NEW YORK, Respondent.

First Department, January 13, 1922.

Partition — inchoate dower — judgment providing that wife is entitled to gross sum to be fixed according to law applicable to annuities and paid pursuant to Code of Civil Procedure, § 1570 — sum so determined becomes wife's property absolutely — husband not entitled to said sum on death of wife without withdrawing money — wife not required to file consent to allowance of gross sum.

Where a judgment in partition directs that the wife of a party to the action is entitled to a gross sum to be fixed by the court according to the principles of law applicable to annuities and to be paid pursuant to

section 1570 of the Code of Civil Procedure, out of the share of the proceeds to which her husband is entitled, and said sum is so determined, the title thereto vests absolutely in the wife, and the husband, in case the wife does not withdraw the fund from court, is not entitled on her death to have the sum paid over to him, but it passes to her legal representatives.

Section 1570 of the Code of Civil Procedure contains no requirement for the filing of consent by the wife to the allowance of a gross sum in full payment of her inchoate dower, and her failure to consent did not work a forfeiture of her rights in the sum so awarded.

APPEAL by Walter G. Herbert, as administrator, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of June, 1921, denying a motion to vacate and set aside an order directing the payment of certain moneys by the chamberlain of the city of New York.

*Harry M. Lewy,* for the appellant.

*John P. O'Brien, Corporation Counsel* [*Henry J. Shields* of counsel], for the respondent.

DOWLING, J.:

George W. Adams died intestate, prior to 1912, seized of certain real property in the county of New York, leaving certain heirs at law, whereof Harry E. Montes was one. Montes was married to Louise Montes. William H. W. Youngs and the Windsor Trust Company were appointed administrators of the goods, chattels and credits of Adams, and a partition action was brought by Youngs against Clarissa Goodman and others, wherein Harry E. Montes and his wife, Louise Montes, were parties defendant. It does not appear that the wife appeared or answered in the action. On May 15, 1912, a final judgment was made and entered in said partition action. That judgment is not set forth in full in the record herein, but the following extracts therefrom are included therein:

" *Third.* That said referee after deducting therefrom the payments hereinbefore directed to be made by him, pay into Court the balance of the proceeds of said sale by depositing the same with the Chamberlain of the City of New York, to the credit of the parties thereto in the proportions and amounts as hereinafter set forth to await the further order of the Court in the premises.

" Ordered, Adjudged and Decreed that the rights, titles,

shares and interests of the several parties to this action and the owners of liens found by the interlocutory judgment heretofore entered herein in the office of the clerk of the county of New York on the 28th day of February, 1912, to be existing on the share or interest of any of said parties, and their liens, be and the same hereby are fixed and determined as follows:　\*　\*　\*

" (54) The defendant, George Henry Stedwell is entitled to Seven hundred and fifty-six/twenty-one thousand one hundred and sixty-eighths parts of the said proceeds, less the sum to which his wife, the defendant Mary Stedwell, is entitled as hereinafter set forth.

" (55) The defendant, Mary Stedwell is entitled to a gross sum to be fixed by the court according to the principles of law applicable to annuities and survivorships based on the stipulation regarding her age filed with the Referee's report herein on the 5th day of February, 1912, said sum to be paid pursuant to section 1570 of the Code of Civil Procedure out of the share of the proceeds to which her husband, Henry Stedwell is entitled as aforesaid.

" (56) The defendant, Harry E. Montes is entitled to Seven hundred and fifty-six/twenty-one thousand one hundred and sixty-eighths (756/21168) parts of said proceeds less the sum to which his wife, the defendant, Louise Montes is entitled as hereinafter set forth.

" (57) The defendant, Louise Montes is entitled to a gross sum to be fixed by the Court according to the principles of law applicable to annuities and survivorships based on the stipulation regarding her age filed with the Referee's report herein on the 5th day of February, 1912, said sum to be paid pursuant to section 1570 of the Code of Civil Procedure, out of the share of the proceeds to which her husband, the said Harry E. Montes is entitled as aforesaid."

At the time of the entry of the judgment Louise Montes was living separate and apart from her husband, and it is averred that she was not in communication with him and had no knowledge of the entry of the judgment or of the deposit of the money to her credit with the city chamberlain as hereinafter set forth.

On July 15, 1912, Harry E. Montes presented an affidavit to

the Supreme Court, entitled in this partition action, wherein he set forth that he resided at Jersey City, N. J., and was one of the defendants herein; that under the final judgment herein, dated May 15, 1912, he was entitled to 756-21168 parts of the proceeds of the sale of the premises involved in the action, " subject to a gross sum to be paid to his wife, Louise Montes as and for her dower interest in said share of the proceeds of sale; " and that there was then in the office of the city chamberlain the sum of $7,321.57 to his credit " subject to a gross sum to be paid to his wife, Louise Montes, as aforesaid in lieu of her dower interest therein." A certificate of the city chamberlain was attached as follows:

" Supreme Court — New York County

" William H. W. Youngs,
                    Plaintiff,
          *against*
" Clarissa Goodman et al.
                    Defendant.

                " Dower Interest of Mary Stedwell
" Amount on Deposit to the Credit of George
          Henry Stedwell.......................... $7,321.57
     1/3 thereof................................  2,440.52
     Interest thereon at 5%.....................    122.026
" The number of years purchase the annuity his wife Mary
                    Stedwell 62 years of age
          8.487                              $1,035.63   ·
                " Dower Interest of Louise Montes
" Amount on Deposit to the Credit of Harry
          E. Montes ............................. $7,321.57
     1/3 thereof................................  2,440.52
     Interest thereon at 5%.....................    122.026
" The number of years purchase the annuity his wife Louise
                    Montes 40 years of age
          13.389                             $1,633.81 "

It is then alleged that " Louise Montes, the wife of deponent was at the time of the entry of the final judgment herein and is now 40 years of age, as appears more particularly by reference to the testimony taken before Hon. Edward S. Clinch, the Referee in the above entitled action. Your deponent respect-

fully requests this court to pay to the said Louise Montes the gross sum in lieu of her right of dower to be figured in accordance with the Carlisle Table of Mortality. Wherefore your deponent prays that an order be entered herein requiring the Chamberlain of the City of New York to pay to your deponent the said sum of money credited to him, with interest, in the manner and form following, to wit:

" To Harry E. Montes the sum of $5687.76

" To Louise Montes the sum of $1633.81."

Upon this affidavit an order was made by the Supreme Court on July 22, 1912, directing that the chamberlain of the city of New York pay to the said George Henry Stedwell the sum of $6,285.94, and to Mary Stedwell the sum of $1,035.63, as and for a gross sum to which she is entitled in lieu of her dower interests in the proceeds of said sale; to Harry E. Montes the sum of $5,687.76 and to Louise Montes the sum of $1,633.81 as and for a gross sum to which she is entitled in lieu of her dower interest in the proceeds of said sale; with interest on said several sums from the date of their deposit.

On August 6, 1920, Louise Montes died at Hackensack, N. J. On January 27, 1921, Harry E. Montes presented a petition to the Supreme Court wherein he alleged that he resided at Belmar, N. J. He alleged that a final judgment had been rendered in this action on May 15, 1912, by which his interest in the real property affected thereby had been fixed at 756-21168 parts thereof " subject to the inchoate right of dower of his wife the defendant, Louise Montes, therein. And that defendant Louise Montes has an inchoate right of dower in the undivided share of the said real property of which her husband, your petitioner, is seized." He then proceeded to show that by the final judgment he was entitled to the sum of $5,687.76 " and the defendant, Louise Montes, the wife of your petitioner, the sum of One thousand six hundred and forty-four and 81/100 dollars, as and for a gross sum to which she is entitled in lieu of her dower interest in the proceeds of said sale as computed and reported by the referee in said action;" and that by the order of July 22, 1912, the city chamberlain was directed to pay (among others) " to Louise Montes the sum of $1633.81 to which she is entitled, in lieu of her dower interest in the proceeds of the sale." He then averred:

" *Seventh.* That the defendant, Louise Montes, the wife of your petitioner, never applied to the Chamberlain of the City of New York for payment of the said sum of money fixed by the decree or final judgment in the action as and for a gross sum to which she was entitled in lieu of her dower interest in the proceeds of the sale of the real property in the action, and directed to be paid to her by said order, or of interest thereon, but that the same still remains on deposit with the Chamberlain of the City of New York, to wit: the sum of One thousand six hundred and twenty-eight and 99/100 ($1628.99) to the credit of the above entitled action together with the interest that has accrued thereon, to the credit or payable to Louise Montes, as appeared by the certificate of the Chamberlain of the City of New York, which is hereto annexed and made a part of this petition."

He sets forth the death of his wife and that by the referee's report and the final judgment " the court fixed the proportional value of the inchoate right of dower or interest of the defendant, Louise Montes, in the share of her husband, the petitioner, in the proceeds of the sale of the property sold in the action, as provided in and by section 1570 of the Code of Civil Procedure, which said value so computed and fixed is the amount of moneys deposited with the chamberlain of the city of New York, as aforesaid, made payable to the said Louise Montes, pursuant to the said judgment or decree and now so remains on deposit as set forth in the certificate hereto annexed.

" *Tenth.* That the defendant Louise Montes, the wife of your petitioner, failed and neglected at any time during her life time to release to her husband, your petitioner, her inchoate right of dower in the property directed to be sold, and sold in the action, by any written instrument executed and duly acknowledged by her, as provided in and by Section 1571 of the Code of Civil Procedure, nor has she ever personally or otherwise made application for payment of the money deposited with the Chamberlain of the City of New York to her credit as aforesaid.

" *Eleventh.* That as your petitioner is advised and believes, that by reason of the death of the said Louise Montes before the death of her husband, your petitioner, all inchoate right of dower she possessed in any real property owned by her

husband, your petitioner, became extinguished, and particularly in the real property directed, and sold in this action, and also in the money deposited with the Chamberlain of the City of New York as aforesaid, and that the same should now be paid to your petitioner, her husband.

" That no other persons or party to this action has any interest in the moneys so remaining on deposit with the Chamberlain of the City of New York, to the credit of Louise Montes, than your petitioner."

He, therefore, prayed for an order modifying and amending the order of July 22, 1912, in so far as it directed the city chamberlain to pay the sum of $1,633.81 to Louise Montes " as and for a gross sum to which she is entitled in lieu of her dower interest in the proceeds of said sale," and by substituting a direction that the chamberlain pay to him the balance of his share in the proceeds of the sale of real property had in this action to which he was adjudged to be entitled " without withholding therefrom any sum for and on account of her inchoate right of dower therein of his wife, the said Louise Montes, the said Louise Montes having departed this life before her said husband, and her said inchoate right of dower therein having thereby been extinguished, to wit:— the sum of One thousand six hundred and twenty-eight and 99/100 ($1628.99) now remaining on deposit in his office as appears by his certificate, to the credit of this action, payable to Louise Montes, with accrued interest from the date of its deposit."

Upon this petition an order was made *ex parte* on January 29, 1921, by the court at Special Term reciting at length the facts contained in the petition, including the statement that " no other party to this action or other person has any share or interest in the said sum of money still remaining on deposit with the Chamberlain of the City of New York to the credit of this action and adjudged and directed to be paid to the said Louise Montes, now deceased, save and except the petitioner, Harry E. Montes, her surviving husband," and concluding " Now on motion of W. W. Westervelt, attorney for petitioner, it is ordered and directed that the Chamberlain of the City of New York, on presentation to and filing with him a certified copy of said order of July 22d, 1912, and of this order, pay to the said Harry E. Montes the sum of One thousand six hundred

and twenty-eight and 99/100 ($1,628.99) to the credit of this action and the credit of Louise Montes, remaining on deposit with him, instead of to the said Louise Montes as directed in and by the said order of July 22d, 1912, and the said order of this court of July 22d, 1912, is hereby modified and amended in that respect."

On June 8, 1921, a motion was made by Walter G. Herbert, as administrator of the estate of Louise Montes, deceased, for an order vacating, setting aside and declaring void the *ex parte* order of January 29, 1921. The affidavit of Herbert, on which the motion was based, showed that he was a resident of Hackensack, N. J., and that on January 4, 1921, letters of administration had been granted to him by the surrogate of Bergen county, N. J., upon the estate of his sister, Louise Montes, late of that county, who died August 6, 1920. His sister was the wife of Harry E. Montes. The various steps in the partition action were set forth concluding with the order of January 29, 1912, which was claimed to be contrary to law in that it purported to divest the estate of Louise Montes of a vested right to which he as administrator was entitled. To Herbert's affidavit was attached the following certificate of the city chamberlain:

" Chamberlain of the City of New York.

" Municipal Building
" Supreme Court
" New York County.
" New York, *January* 6, 1921.

" William H. W. Youngs
vs.
" Clarissa Goodman, et al.

" This certifies that there is now on the books of this office to the credit of the above-entitled cause Sixteen hundred and twenty-eight 99/– Dollars, together with the interest that has accrued thereon.

" Cash..................................... $1,628.99
" Invested...................................  ........

" Credit of Louise Montes.          " E. W. HOOD,
                                    " For the Chamberlain."

In opposition to the motion, there was submitted an affidavit by the attorney who presented the petition which resulted in the granting of the *ex parte* order wherein he set forth that the matter had been sent to him by an attorney practicing in New Jersey, where Harry E. Montes resided. He stated that: " Undoubtedly there was an error made in the preparation of the Final Decree, but as no other parties to the action could in any way be affected by the provision it was deemed best to treat the deposit as a security for the inchoate right of dower in the property sold, the husband having before received more than his two-thirds of his share of the property sold.

" The statutes provide for the vesting of estates and the proceeds and Decrees of Court do not make law, nor change the provisions of law; Partition proceedings are equitable proceedings, and mistakes will always be corrected. In the present case if a mistake was made, the petition of the petitioner here sets forth the true facts, and the most simple method to correct the error was taken, he being the only interested party."

An affidavit was also filed on behalf of the city chamberlain, setting forth the various papers on file in his office relating to the matter, and stating that pursuant to directions of the *ex parte* order he had paid out the sum of $1,628.99 with interest (less commissions) to Harry E. Montes.

The motion to vacate the order in question was denied, and from such denial the present appeal is taken.

The rights of Louise Montes were settled and defined by the judgment of May 15, 1912, whereby it was determined that she was then entitled to a gross sum to be fixed by the court according to the principles of law applicable to annuities and survivorships based on her stipulated age, said sum to be paid pursuant to section 1570 of the Code of Civil Procedure, out of the share of the proceeds to which her husband was entitled. The amount thus to be paid to Louise Montes in lieu of her dower interest was stated by her husband in his petition of July 15, 1912, to be $1,633.81 and the certificate of the city chamberlain showed that the dower interest of Louise Montes had been figured at that amount on the basis

of an annuity of thirteen and three hundred and eighty-nine one-thousandths years at her then age of forty years. Her husband petitioned the court that such sum be directed to be paid to Louise Montes out of his total share. The court granted the petition, and directed that Montes receive the amount he claimed and that the chamberlain pay to Louise Montes the sum of $1,633.81 " as and for a gross sum to which she is entitled in lieu of her dower interest in the proceeds of said sale." The sum in question remained in the chamberlain's office to the credit of Louise Montes, until withdrawn under the *ex parte* order before referred to.

The fixation of the value of Louise Montes' inchoate right of dower was made by the court under section 1570 of the Code of Civil Procedure, as prayed for in the petition of the husband himself. That section reads as follows:

" § 1570. Interests of owners of future estates to be protected.

" Where it appears that a party to the action has an inchoate right of dower or any other future right or estate vested or contingent, or that any person or persons not in being who may by any contingency become entitled to any interest or estate in the property sold, the court must fix the proportional value of the right or estate according to the law applicable to annuities and survivorships or set aside so much of the proceeds of sale to which the contingency attaches, and must direct that proportion of the proceeds of sale to be invested, secured or paid over in such manner as it deems calculated to protect the rights and interests of the parties."

Acting under this section, the court fixed the proportional value of the inchoate right of dower of Louise Montes at the sum of $1,633.81 and directed its payment to her out of the total amount awarded to her husband. That amount thus became her own property, absolutely and without condition or contingency. (*Bartlett* v. *Van Zandt*, 4 Sandf. Ch. 396; *Robinson* v. *Govers*, 138 N. Y. 425.)

Neither the petition to fix the value of the inchoate right of dower, nor the order based thereon, was made under section 1569, applicable to a party to an action for partition, who has a right of dower, and under which section the consent of the party to receive a gross sum in lieu of dower, must be

in writing, acknowledged and filed with the court in advance of filing the report of sale, in default of which one-third of the proceeds of the share in question must be paid into court for the purpose of being invested for the benefit of the person having dower right. Under that section, the sum of $2,440.52 (being one-third of the share of Harry E. Montes) would have been required to be deposited, instead of the amount determined as the present value of the inchoate right of dower, $1,633.81.

Section 1570 of the Code contains no requirement for filing any consent by the party in interest, and the failure by Louise Montes to do so worked no forfeiture of her rights.

Undoubtedly the granting of the *ex parte* order was inadvertently made because of the contradictory and confusing statements contained in the affidavit in support of the present motion. The provisions of the judgment and order showing that the value of the inchoate right of dower had been fixed under section 1570 are correctly given, thus showing that the gross sum was awarded to Louise Montes absolutely, but then the argumentative statement is made, based upon advice and belief that by her death her inchoate right of dower became extinguished and vested in her husband, together with all the money deposited to her credit with the chamberlain. Again, the petition sets forth the failure of Louise Montes to execute a written instrument under section 1571 of the Code of Civil Procedure which applies to voluntary releases executed in writing by a wife to her husband to enable him, upon its filing, to obtain the payment to him of her contingent interest in the proceeds of sale, which has no application whatever to this case. Further, the petition alleged that " no other persons or party to this action has any interest in the moneys so remaining on deposit with the Chamberlain of the City of New York, to the credit of Louise Montes, than your petitioner." This was literally true, as the administrator of Louise Montes was not a party to the action, but entirely ignored the fact that such administrator had been appointed twenty-five days before the petition was presented and was entitled to possession of the money deposited to the account of his intestate, and as well to notice of any attempt to deal with the title to property which stood in her name.

The order appealed from will, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

Clarke, P. J., Laughlin, Smith and Page, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.