WILLIAM H. W. YOUNGS, Plaintiff, *v.* CLARISSA GOODMAN et al., Defendants.

PHILIP BEROLZHEIMER, Chamberlain of the City of New York, Appellant; WALTER G. HERBERT, as Ancillary Administrator of the Estate of LOUISE MONTES, Deceased, Respondent.

Partition — dower — husband and wife — contempt — order to chamberlain of city of New York to pay gross sum in lieu of dower interest to wife of owner of individual interest in property partitioned — death of wife without claiming fund — husband entitled to fund as between himself as survivor and her personal representatives — wife could assert right only during life — right thereto abated at her death — payment by chamberlain of fund to husband on ex parte order — where order has been set aside and chamberlain has been directed to pay fund to personal representatives of wife by order of Appellate Division, permission to appeal from which has been refused, order adjudging him in contempt for refusing to pay must be affirmed — conceivable relief on application to Appellate Division.

1. Where as the result of a partition action it was adjudged that a certain defendant was entitled to receive a fixed share of the proceeds of sale subject to the inchoate right of dower of another defendant, his wife, and it was thereafter ordered that the chamberlain of the city of New York pay to the defendant husband a certain sum and to his wife another amount as and for a gross sum to which she was entitled in lieu of her dower interest, but she did not appear in the action and died some years after without claiming the fund, as between her

husband as survivor and her personal representatives, the husband is entitled to the fund. The right of dower of the wife terminated with her death. She could assert her right to the fund only during her life and when she took no proceedings to withdraw it the right thereto abated at her death. (*Bartlett* v. *Van Zandt*, 4 Sandf. Ch. 396; *Robinson* v. *Govers*, 138 N. Y. 425, distinguished.)

2. The chamberlain paid the money to the husband pursuant to an *ex parte* order of the court, but thereafter, by two orders of the Appellate Division, *first*, the order under which the chamberlain paid the money was vacated on motion to which he was a party, and *second*, he was directed to pay the money to the administrator of the wife. These orders were not final orders in the action and were subject to review by this court only by leave of the Appellate Division on questions certified which was refused. The chamberlain has had his day in court, however, and having refused to make the payment directed, an order adjudging him in contempt must be affirmed, but conceivably an application for reargument to the Appellate Division may lead either to a modification of the order or to the certification of questions of law to this court so that the point may be more carefully considered before the harsh result of our present decision becomes final.

*Youngs* v. *Goodman*, 213 App. Div. 866, affirmed.

(Argued June 2, 1925; decided July 15, 1925.)

Appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 24, 1925, which affirmed an order of Special Term adjudging the city chamberlain of the city of New York in contempt of court.

*George P. Nicholson, Corporation Counsel* (*William E. C. Mayer* and *John Lehman* of counsel), for appellant.

*Harry M. Levy* for respondent.

Pound, J. On May 15, 1912, in a partition action it was adjudged that the defendant Harry Montes, the owner of an undivided share of the premises in suit, was entitled to receive a fixed share of the proceeds of sale, subject to the inchoate right of dower of the defendant, his wife, Louise Montes, therein. It was thereafter ordered that the chamberlain pay to Harry E. Montes $5,687.76 and to Louise, his wife, $1,633.81 as and for a

gross sum to which she was entitled in lieu of her dower interest. The right of dower was sold but the wife did not appear in the action. Under section 1570, Code of Civil Procedure, the amount thus fixed was directed to be paid over to her. She died some years thereafter without claiming the fund. The husband then obtained an *ex parte* order of the Supreme Court directing the money to be paid to him. The chamberlain paid the money pursuant to the order. In *Youngs* v. *Goodman* (199 App. Div. 281) the order under which the chamberlain paid the money to the husband was vacated as having been inadvertently made. The chamberlain was a party to the motion. In *Youngs* v. *Goodman* (202 App. Div. 690) the chamberlain was directed to pay the money to the administrator of the wife. It was held that the order directing the payment of the money to the husband was void in its inception and that the chamberlain could not justify thereunder. These orders were not final orders in the action and were subject to review by this court only by leave of the Appellate Division on questions certified (Civ. Prac. Act, § 588, subd. 3), which was refused. The chamberlain has had his day in court. He has refused to make the payment ordered by the court. The order under which he paid the money to the husband has been declared void. He is, therefore, in contempt and the order must be affirmed.

While we are thus constrained to affirm, the result does not seem right or just. The order directing the chamberlain to pay the money to the personal representatives of the wife seems to have been made under a misapprehension of the effect to be given to general statements in *Bartlett* v. *Van Zandt* (4 Sandf. Ch. 396) and *Robinson* v. *Govers* (138 N. Y. 425). These authorities are cited as controlling in the opinion below although the question now before the court was not considered. In the former case the purchasers of the lands sold in the partition action claimed, on the death of the wife, the

fund which represented the value of the wife's contingent dower. It was held merely that it belonged to the surviving husband as personal property, *jure mariti*, under the common law. In the latter case the action was to recover dower. The widow had filed her consent to receive a sum of money in lieu of dower and the only question was whether plaintiff at the time of her death was vested with the right to such sum which passed to her executors. It was held that the proceedings had reached such a stage before plaintiff's death as to vest in her such right. Here the wife made no election to take the fund set apart for her but allowed it to remain on deposit with the chamberlain until her death. She exercised no dominion over it. The money was ordered to be paid over to her but it was not paid. The rights and interests of the husband and wife are now fixed. Her right of dower terminated with her death. The wife could assert her right to the fund only during her life and when she took no proceedings to withdraw the fund the right thereto abated absolutely at her death. (*Howell* v. *Newman*, 59 Hun, 538.) As between her husband as survivor and her personal representatives, he is, entitled to the fund. The judgment in partition was subject to modification so long as the court had control over the fund. " Courts have always control over their own proceedings, and where there is not express prohibition, may deal with them so that what is right and just may be reached." (*Matter of City of Buffalo*, 78 N. Y. 362, 370.)

Conceivably an application for re-argument to the Appellate Division may lead either to a modification of the order or to the certification of questions of law to this court so that the point may be more carefully considered before the harsh result of our present decision becomes final.

HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Order affirmed, with costs.