WILLIAM H. W. YOUNGS, Plaintiff, v. CLARISSA GOODMAN and Others, Defendants, Impleaded with WALTER G. HERBERT, as Ancillary Administrator, etc., of LOUISE MONTES, Deceased, Appellant.

PHILIP BEROLZHEIMER, Chamberlain of the City of New York, Respondent.

First Department, November 27, 1925.

Partition — dower — gross sum awarded in lieu of inchoate dower — money deposited with chamberlain of city of New York — wife did not withdraw money — upon death of wife her husband had absolute right to money.

A husband has the absolute right to money deposited with the chamberlain of the city of New York as a gross sum in lieu of the inchoate dower right of his wife in land involved in partition proceedings, where the wife does not withdraw the money during her life, and, therefore, the personal representatives of the wife are not entitled to an order directing the payment of the money to them.

REARGUMENT of an appeal by Walter G. Herbert, as administrator, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of June, 1921, denying a motion to vacate and set aside an order directing the payment of certain moneys by the chamberlain of the city of New York.

Reargument of an appeal by Walter G. Herbert, as administrator, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 18th day of May, 1922, denying the application of said Walter G. Herbert, as ancillary administrator of the estate of Louise Montes, deceased, one of the defendants in the above-entitled action, for an order directing the chamberlain of the city of New York to pay to him, as such ancillary administrator, the sum of $1,628.99, with interest, which has accrued thereon, less lawful fees and commissions.

*Harry M. Lewy,* for the appellant.

*George P. Nicholson, Corporation Counsel [William E. C. Mayer* of counsel; *John F. O'Brien* and *Walter B. Caughlan* with him on the brief], for the respondent.

McAVOY, J.:

Heretofore we ordered a reargument of two appeals on matters formerly decided by us because the Court of Appeals has recently

32

intimated in a consequent proceeding because of an untoward result, that on reargument of such appeals a modification or reversal of the former rulings might be had. The first appeal was taken by one Herbert, as administrator of the estate of Louise Montes, deceased, from an order entered June 21, 1921, which denied a motion to vacate an *ex parte* order of January 29, 1921, directing the payment of certain moneys on deposit with the chamberlain of the city of New York in a partition action. The second appeal was one taken by the same party, as ancillary administrator, from an order entered in May, 1922, denying a motion to pay the moneys to him as such ancillary administrator. The appeals to this court resulted in the first instance in an order entered on January 13, 1922, reversing the order denying the motion to vacate the *ex parte* order mentioned above, and granting such motion, and an order on the second appeal reversing the order of May, 1922, denying the motion to direct the chamberlain to pay over the money deposited with him to the personal representative of Louise Montes, deceased, and the latter order of this court granted such motion. Both of these orders arose out of the granting of the *ex parte* order mentioned above, in January, 1921, by the Special Term directing the payment of certain moneys deposited in a partition action to the credit of the deceased wife, to her surviving husband. The moneys so deposited were awarded to the wife in the partition suit as a gross sum in lieu of her inchoate right of dower. The controversy between the parties was as to whether the husband had the legal right to take this money after his wife's death, since she had never withdrawn the same, under the *jus mariti;* or whether her ancillary administrator appointed in New Jersey had the legal succession, on the ground that the property vested in her and belonged to her estate from the time of its deposit as a vested interest. The basic rulings of the decisions which are reported in 199 Appellate Division, 281, and 202 Appellate Division, 690, were that the amount fixed as the proportional value of the inchoate right of dower of Louise Montes, now deceased, became her own property absolutely and without condition or contingency.

The Court of Appeals, however, has pointed out in its opinion on an appeal from an order punishing the chamberlain for contempt for failing to pay the sum deposited to the petitioner, the ancillary administrator herein, that the money was properly paid to the husband and that the ancillary administrator had no right thereto. The court said: " The wife could assert her right to the fund only during her life and when she took no proceedings to withdraw the fund the right thereto abated absolutely at her death. (*Howell*

*v. Newman*, 59 Hun, 538.) As between her husband as survivor and her personal representatives, he is entitled to the fund. The judgment in partition was subject to modification so long as the court had control over the fund." (*Youngs* v. *Goodman*, 240 N. Y. 470, 473.)

This pronouncement by the Court of Appeals indicates that the ruling heretofore made directing the payment of the money by the chamberlain to the personal representative of Louise Montes, deceased, on the ground that the property became that of the deceased absolutely on the fixation of the value of her inchoate right of dower, was an erroneous determination and not upheld by the doctrine announced in *Bartlett* v. *Van Zandt* (4 Sandf. Ch. 396, 399) and *Robinson* v. *Govers* (138 N. Y. 425), which was the basis of the ruling here. We are, therefore, constrained to vacate the order of this court of January 13, 1922, and affirm the order denying the motion to vacate the *ex parte* order of January 29, 1921, and to vacate the order of this court of July 14, 1922, resettled December 15, 1922, and affirm the order of May 15, 1922, denying the motion to direct the chamberlain to pay over the money deposited with him to the personal representative of Louise Montes, deceased. We believe that we are concluded in this matter, although not formally, by the opinion of the Court of Appeals in *Youngs* v. *Goodman* (*supra*); but as the appellant ancillary administrator urges that this ruling is not a necessary deduction to be drawn from the Court of Appeals' opinion, we will certify such questions to that court as will produce the precise determination finally.

On reargument orders of this court mentioned should be vacated and the orders appealed from affirmed, without costs, with leave to appeal on questions to be certified.

CLARKE, P. J., DOWLING and MARTIN, JJ., concur.

Orders appealed from affirmed, without costs; order entered on January 13, 1922, vacated; order entered on July 14, 1922, as resettled by order entered on December 15, 1922, vacated. Leave to appeal to the Court of Appeals upon certified questions granted. Settle order on notice.